UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

                          Plaintiff,

            -v-

CITY OF NEW YORK,

                         Defendant.

21 Civ. 8071 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, District Judge:

Plaintiff Aaron Abadi, appearing *pro se*, brings this action challenging the constitutionality of two executive orders issued by the Mayor of the City of New York requiring COVID-19 vaccinations for certain indoor venues and mandating vaccination for city employees and employees of city contractors. Abadi's claims are construed as being brought under 42 U.S.C. § 1983 and state law. *See* Dkt. 2. On September 29, 2021, the Court granted Abadi's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). Dkt. 4.

**I. Discussion**

Because Abadi has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (court must order the Marshals Service to serve if plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Abadi is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within that time, Abadi should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Abadi to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant, the City of New York. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Abadi must notify the Court in writing if his address changes, and the Court may dismiss the action if Abadi fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to issue a summons, complete the USM-285 forms with the address for the City of New York, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further directed to mail a copy of this order to Abadi, together with an information package.

SO ORDERED.

Dated:   October 1, 2021
         New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007